Good morning, Your Honors. Jan Norman on behalf of Ricky Moore. This case is an interesting case procedurally because I don't really think, I could be wrong, but I don't really think we're here to argue about the applicable law. I think it's fairly clear that if my client can show, make a showing of actual innocence, then that will overcome the statute of limitations bar which would otherwise apply in my client's case. Well, has he made that showing yet? No, Your Honor. Isn't that a problem? Yes, Your Honor. But it's not, I would submit it's not his problem, or he is not the source of the problem. And I think you need to understand the procedural background on this, to make my point. First of all, the issue of actual innocence was never addressed in the district court, even though my client alleged actual innocence as a means of overcoming the timeliness bar in his petition. Your client? Well, you say the issue of actual innocence wasn't addressed, but the state made a motion to dismiss, which you never opposed, right? The motion to dismiss was on the grounds of lack of showing of a good cause to overcome the bar. No, that was an actual opportunity to say, no, he shouldn't be dismissed because we've alleged actual innocence. In other words, you know. You're correct, you did not. You could have brought it to the attention of the court at that time, the district court. Your Honor is correct, you did not file an opposition to the motion to dismiss. Was he pro per at that time? Yes, he was. He was pro per until I was appointed somewhat later in the appellate proceedings. So you think that, you know, the issue is waived because he never opposed the motion to dismiss? No, I don't. That's the state's position, isn't it? No, that's, well, actually the state didn't argue that. No, now it's the state's position. No, it's, well, as I understand the state's position, and obviously you can say it better than I can, what's been waived is the issue of whether or not he's entitled to an actual innocence because I, as his appellate attorney, did not brief it in the opening brief. That's what I understand the state's position. I do not understand the state's position to be that he waived it because he didn't file an opposition to the motion to dismiss in the district court. That's a fine distinction. And the reason, and the reason, you didn't brief it, did you? But your reason is because, why? The problem with this case is that when it arrived in the Ninth Circuit, someone took a look at it and said, wait a minute, we don't know whether the district court ever considered the actual innocence claim to overcome the time limit of spars. So an order was issued to show cause, well, actually a certificate of appealability was issued saying, you know, did he make a sufficient showing of actual innocence? And at the same time, the court issued an order to show cause to the respondent to address why the case should not be remanded to the district court for development of the record and to ask the district court to address that particular issue. So the respondent filed the brief and it argued basically, first of all, it was limited to the one issue about the witnesses speaking in the hallway, which I've said is not the only issue. But more importantly, what it did was it included in its brief citations to the record. The problem was there was no record. So when the... Oh, there is a record. The record, okay, yes. There is a record and the citations were to a record. But the record was never before the district court. So when the respondent cited to trial transcripts and provided them as excerpts of record in its response to the order to show cause, they were not excerpts of the record because the record below never contained those trial transcripts. So what the respondent did was essentially jerry pick those portions of the transcript, which were not part of the record below, to argue why it should not be remanded. That was on the return to the OSC in this court, right? Correct. All right. Now, so as a result of that, so did you object to that practice or, you know, you were appointed about that time, weren't you? I was, okay. So what happened was after the respondent filed its response to the order to show cause, and my client once again did not file a response to that, the court issued a sua sponte order appointing counsel and then saying the appeal will proceed. So at this point I'm appointed and I'm looking at what's going on here and I'm going, okay, my burden is to argue on the record that he has made a sufficient showing of actual innocence to overcome the statutory bar and that the evidence that was presented to the jury was sufficient to have undermined the credit, well, there's a reasonable probability, whatever those important buzzwords are, but that it would have impacted on the jury's verdict, to put it in a short form. My problem was there was no record that I could argue from. There was no transcript. There was no court, you know, clerk's transcript. There was nothing because back at the beginning of the time when the respondent was supposed to lodge the documents that were relevant to the petition... But wait a minute, wait a minute. There was never a time when the respondent was supposed to lodge a document, was there? When was that time? That time was in district court when it filed its motion to dismiss, and at that point... But wait a minute, wait a minute. There's no rule that says a motion to dismiss has to be supported by the record, is there? My understanding is that when you file a motion to dismiss or an answer, that you're under an obligation to lodge the documents. Well, maybe an answer, but can you point me to language in any rule that says, you know, when they make a motion to dismiss, they have to file the record? Well, they did lodge a record. They did lodge... Because your statement was at that point, they had the obligation to lodge the record. Your Honor, if I overstated the obligation in response to a motion to dismiss, I apologize. It was my understanding that they were obligated, and it may be that that obligation was limited to the filing of an answer. Nevertheless, they did lodge a record. That record did not include the reporter's transcripts and the clerk's transcripts from the trial. So we get to the point where I'm appointed and I'm supposed to be arguing from the record that he has made a sufficient showing of actual innocence such that it would have impacted the jury's verdict. I cannot make that argument because there is no record below from which I can make that argument. Nor can the court evaluate the argument because in order to address that issue, the entire record is supposed to be reviewed. When you say record, what record are you referring to? Record. I'm referring to the trial court transcripts. But why? I mean, shouldn't the record here be limited to whatever was submitted to the California Supreme Court? Because that's what's ultimately being reviewed on habeas. I don't know what was ultimately submitted to the California Supreme Court. It probably wasn't because your client was proceeding pro se then, too. But aren't we limited under pinholster to reviewing the record that was before the state court? I don't think it's limited to that.     We're talking about the record that was before the Supreme Court. The record that was before the Supreme Court is shut you out. But your client went straight to the Supreme Court, didn't try to start with the Superior Court, didn't try to develop an evidentiary record of any kind, simply went to the Supreme Court so under California procedure you can and that might suffice to exhaust his claim. But then you get to federal court and you can't start developing a claim in federal court unless you made the effort in state court. So when you look at the record, there is a trial court record. But it seems to me the record that counts is the record that was before the Supreme Court. And I suspect that's nothing. Well, Your Honor, I don't think we know that. I don't think your argument is that you want to get around pinholster in the sense that you want more than the record that was available in the state court, that the state court reviewed, right? In other words, you don't even have that much, do you? You don't have the state court record. Correct. When I say the state court record, I mean the record of the trial. Correct. Right? And that's, I guess your position, that's what you believe you need to make an actual innocence argument. Correct, Your Honor. And I don't think the state's ever really responded to that argument, right? The state's position is, well, you haven't shown actual innocence. Correct. All right. So what remedy do you think you're entitled to that we can give you? I think the case should be remanded to the district court, that the record should be expanded or whatever you want. The record should be expanded to include the entire trial transcript record, and that the district court should then consider the actual innocence claim in the context of evaluating the trial court record and the entire trial court record. And then if the district court then will make a ruling as to whether or not my client is entitled to overcome the statute of limitations through an actual innocence, a determination that has not yet been made by any court in federal court, and as far as, well, actually any court. And I've got 14 seconds left to go. Actually, you're over time. Oops. Sorry about that. You're right. It's going up. I'm sorry. Well, I told you before, I've had the same experience, so I'm used to it. But under the circumstances, this is complicated, and the procedural amass was in part created by our court, so we'll still give you a minute for rebuttal. Thank you, Your Honor. And now we'll hear from the State. Good morning, Your Honors. Supervising Deputy Attorney General Jason Tran on behalf of Respondent. Petitioner seeks a remand to expand the record, despite this court's prior denial of such a request when this court ordered the appeal to proceed on the current record before the district court. When you say, I mean, was there an expressed denial in that order? It says, you know, we're not, no, we don't need the record or something like that? No, there was not an expressed denial. But you just said, in spite of this court's denial of the record. No, denial of a remand. Denial of a remand. This court had issued an order to show cause asking Respondent to brief whether a remand to develop... I think you're reading way too much into that order. What it says is the order to show cause is discharged, the appeal will proceed. It doesn't say there will be no remand or there can be no remand. It just says there won't be a summary treatment of that. But I think that's the question before us. Should the case be remanded to district court for presentation of the record? And I don't think that order precludes that. Your Honor is correct. That order does not preclude that. All I'm saying is that this court had an opportunity to remand. And they decided not to take it on summary disposition and now it's in front of us. So we're not bound by that prior order. I think the question that's live in front of us is whether or not the case should be remanded as the petitioner has requested. And I don't think a remand is necessary. See, so far, your whole argument in the brief was that it's been waived. And you chose not to go beyond that to give any other reason. That is because Respondent has briefed the remand and actual innocence issue in our response to the order to show cause. But you've never briefed the actual innocence issue, have you? And in fact, that issue has never been addressed, has it, actual innocence? By any court? It was addressed in a summary denial of habeas relief by the California Supreme Court. And then when it went to the district court, the district court did not address it. That's correct. However, as your Honor pointed out earlier, petitioner never objected to that. In fact, petitioner was never heard of again after the motion to dismiss was denied. Well, he had no counsel at the beginning. And by the time he got counsel, there was no record. The warden didn't lodge the state court record. And I'd like to go back to the question of Judge Clifton. Why shouldn't remand? The sense of fairness here, a question of actual innocence. What should preclude us from remanding it to the district court for the development of a record? Two factors would militate against remand. One is the existing record before the district court is more than sufficient to dispose of the actual innocence claim. The other... I'd like you to explain why that is so. Sure, and I will. I just want to briefly touch on... The second reason is that under McCuigan v. Perkins, remand is not necessary. Now, as to the first reason, why is the record sufficient? The record includes the Court of Appeal opinion, which recounts in detail the very evidence that petitioner is now relying on. Court of Appeal relied on the state court trial record, didn't it? Yes, it did. But the district court or this court has never seen that record. That is true. However, there is... Don't you think you have an obligation to supply to us the entire complete state court record, trial record? No, Your Honor, because the Court of Appeal opinion lays out in great detail what happened in the trial court, the hearing on the very evidence that... Well, how do we know it's accurate if we can't test it against the record? Well, there is a presumption... There is a presumption, but obviously your opponent's position is that she needs a record to overcome that presumption. Well, if she wants to overcome the presumption, she can access the record. It is a public document. So that was not withheld from petitioner in any way. Well, isn't your obligation to supply it in a habeas proceeding? We don't have an obligation to supply it in a motion to dismiss proceeding as Judge Clifton mentioned. The issue... I think it was Judge Shishima, but one of us did. By the way, let me back up a little bit. You know, it's not usual, right, in a habeas case to file a motion to dismiss in response to petition, right? That's not the usual response. As I understand this case, the district court, the magistrate judge, didn't he order the state to file a motion to dismiss, something like that, in this case? The district judge gave the state the option of filing either a motion to dismiss on procedural grounds such as timeliness, or an answer on the merits. All right, so since you were told to do one or the other, don't you think that comes within Rule 4, which requires you to file the state court record? No, because Rule 5, I believe, of the habeas corpus rule specifically says when an answer is filed, then the trial transcripts must be lodged. But on the other hand, nothing in those rules, Rule 4 or Rule 5, says you can file a motion to dismiss, does it? No. All right, so isn't this encompassed? Because the magistrate judge gave you the choice of filing an answer or a motion to dismiss, don't you think this is encompassed within the requirement of the rules that you file the state court record? No, because Rule 5 specifically mentions an answer requiring lodging of this trial record, but does not... But Rule 5 also doesn't authorize the filing of a motion to dismiss. That's true. However, it doesn't preclude one either. And it doesn't say when you file a motion to dismiss, you must lodge the trial record. And we didn't do so because it wasn't necessary. The only issue in the motion to dismiss proceeding was whether the petition was timely. Right, right. And the response was, well, it's timely because I'm making a gateway claim of actual innocence, right? Which means, you know, I can file out of time. Isn't that part of the timeliness argument? Whether or not there's a proper gateway claim being made? Sure, but the law says, and that's this circuit's authority, this court has held that remand is unnecessary even for an actual innocence claim when the record is sufficient to dispose of that claim. That's the whole point in this proceeding, whether the record is or is not sufficient. She claims it isn't. You claim it is, but she claims it isn't. How are we supposed to decide that without access to the record? This court can decide that based on the court of appeal opinion, and this court can presume the correctness of that opinion based on... Suppose we disagree with you on the underlying premise, namely that we can base it on the state appellate court record and we should presume its correctness. Suppose we decide that's not enough. Shall we then order the record? Sure, if this court finds that the presumption of correctness has been rebutted... Well, we can't deal with the presumption if the record's not in front of us. Otherwise, we simply have to take the state court's word for it in every instance. And you know that's not the end result. I mean, there's a presumption of correctness, but that's not a presumption of unreviewability because there's nothing for us to review if the record's not there. But there's nothing in the record that even... How do we know that unless we are willing to take somebody else's word for it if we don't have the record? Sure. And all I'm saying is that the existing record, without the trial transcripts, that's enough to look at the court of appeal opinion and ask whether or not it's a reliable opinion. And what do you define as the existing record? The existing record was what was lodged in the district court. And that consisted of the various minute orders from the clerk's transcript of the trial court. There was the court of appeal opinion, the petition for review before the California Supreme Court, and the order denying review. But you rely on more than that in your response to the order to show cause, right? And I want to explain that. Wait a minute. You furnished portions of the reporter's transcript, right? And her position is, well, you know, we're entitled to see it all. Why should you be able to cherry-pick just a portion of the transcript that supports your position? That's her point. Now, what's your answer to that? My answer is that we were not cherry-picking and we did not... Well, how do we know that without seeing the entire record? Because if the court looks at what was included with the response to the orders to show cause, what was included by Respondent was 14 pages of the transcript, 14-page transcript of the hearing concerning the evidence that Petitioner now claims shows his actual innocence. And Respondent provided that excerpt not to refute Petitioner's actual innocence claim, but only to provide context to the Court of Appeals' opinion. Now, if this Court wonders whether the Court of Appeals' opinion was accurate in its description of the evidence that Petitioner now relies on, this Court can simply look to that 14-page excerpt provided by Respondent to confirm that. And that was it. Respondent provided it only to give this Court an informed context of what the evidence is that Petitioner is relying on now, not to refute his actual innocence claim. In fact, Respondent didn't even have to include those excerpts, but did so for the benefit of the Court only, not to argue against his actual innocence claim. And that was it, 14 pages. And if this Court wants to see whether the Court of Appeals' opinion is accurate in its description of the evidence Petitioner relies on, this Court can simply refer to the 14 pages provided by Respondent to confirm that. My problem with that is, how do we know what the rest of the transcript shows? The rest of the transcript is not relevant because Petitioner's claim... If the 14 pages are relevant to give context, how then can we know what the rest of the transcript might give context to? The rest of the transcript would not give context to the evidence that Petitioner relies on now, which is that an individual, a deputy public defender, overhearing a conversation in the courtroom hallway, that evidence was heard in a hearing conducted by the trial court in which that deputy public defender testified that he never overheard the kind of statement that Petitioner claims he did. He didn't know who made that statement. He didn't know to whom the statement was made. He didn't even know the context of the statement. He didn't know if the statement was in reference to a man, to women, to a car, or to photographs in a magazine. The only time that evidence was discussed was at that limited hearing and Respondent has provided this court with those 14 pages showing how the hearing proceeded. All the other parts of the reporter's transcript, I believe maybe there are just two or three volumes, they concerned other matters that did not relate to Petitioner's evidence that he's relying on now. Thank you. I just want to conclude that Petitioner committed his crimes more than or nearly a quarter of a century ago and he now seeks for the first time to overturn his conviction despite the AEDPA's objectives of ensuring that state court judgments, of ensuring the finality in state court judgments and the resolution of constitutional claims on a fresh record. And he seeks to do so on a claim that he actually knew at trial and what's worse, it was presented to the trial court and found to be unreliable. So under those circumstances, Respondent submits that first of all, a remand is unnecessary and second of all, Petitioner's actual innocence claim should be rejected as incredible. Unless this court has any further questions, I will submit. Thank you. Ms. Norman. I'm going to talk fast. First of all, I disagree with the analysis that there is only one issue that goes to his actual innocence as I indicated in the opening brief. There are actually four issues that go to his actual innocence and I don't believe that the certificate of appealability was limited because it says at least one federal constitutional claim. The second point I'd like to make is that I disagree strongly with what the Respondent just said that the record is not necessary and that's why he only gave a particular excerpt of record in the response to the order of short cause because in fact, his argument was not limited to what happened in that one particular hearing. If you look at the response to the order of short cause at page 10, Respondent says, furthermore, his conjecture that the victims conspired to identify him as a culprit is refuted by their identification of both petitioner and other possible suspects prior to trial. Excerpt of record 100-101. Further down the page, he refers to another witness that testified that the gunman in the video was not, that someone else testified that the gunman in the video was not the petitioner, ER 101. So clearly, he's not limiting his citations, the excerpt of record, to simply 14 pages where they discuss this one issue of the three witnesses in the hall. He actually cites excerpts of record that go to whether or not the petitioner has overcome, has demonstrated the sufficient prejudice to the jury. That is what he used those excerpts of record for. And frankly, once again, I'll say, they were not excerpts of the record because the record was not before the district court, nor is it before this court. And 48 seconds, that was pretty fast. Any other questions, Your Honor? Well, actually, it's once again in deficit spending. Close enough. I'm sorry. You're a perfect match for the federal government. I'm trying to talk fast as I can. Any faster, we wouldn't understand you, so we appreciate that. We thank both counsel for your helpful arguments. The case just argued is submitted.
judges: Nelson, Tashima, Clifton